Filed 8/23/24  P. v. Congiardo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082123 |
| v. | (Super.Ct.No. RIF121365) |
| DOMINIC MICHAEL CONGIARDO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Monique Myers, Deputy Attorney Generals, for Plaintiff and Respondent.

Defendant and appellant Dominic Michael Congiardo appeals from the trial court's order that declined to strike a five-year enhancement under Penal Code section 667, subdivision (a)[1]. For the reasons set forth *post*, we affirm.

**PROCEDURAL HISTORY**[2]

Defendant was convicted of attempted first degree murder (§§ 664, 187, subd. (a); count 1); assault with a deadly weapon likely to produce great bodily injury (§ 245, subd. (a)(1); count 2); and first degree burglary (§ 459; count 3). Additionally, for count 1, the jury found true that defendant personally and intentionally used a weapon and inflicted great bodily injury in the commission of the attempted murder (§§ 12022.7, subd. (a), 12022, subd. (b)(1).). The trial court found true that defendant had served two prior prison terms (§ 667.5, subd. (b)) and had suffered two prior serious felony convictions (§ 667, subd. (a)). Defendant was sentenced as follows: on count 1, 14 years to life for the attempted murder, plus three years for the great bodily injury enhancement and one year for the weapon enhancement; on count 2, six years for the assault with a deadly weapon likely to produce great bodily injury; on count 3, eight years for the burglary. Defendant also received two one-year terms for the prison priors and five years for the prior serious felony. The sentence on count 2 was stayed under section 654. The total sentence was 33 years to life. Following appeal, the sentence on count 3 was stayed

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Because defendant raises a sentencing issue on appeal, a statement of facts is not included. Relevant facts will be discussed as necessary.

under section 654, bringing the total sentence to 25 years to life. (*People v. Congiardo* (Aug. 20, 2008, E044452) [nonpub. opn.].)

On appeal from the denial of a petition under section 1172.6, defendant challenged the imposition of the prison prior enhancements, with this court concluding that it lacked jurisdiction to grant him relief. (*People v. Congiardo* (Apr. 4, 2023, E079095) [nonpub. opn.].)

On August 1, 2023, defendant requested resentencing under section 1172.75 and filed a resentencing brief with numerous postconviction facts weighing in favor of resentencing.

On August 7, 2023, a resentencing hearing was held wherein both prison priors were stricken as no longer authorized by law, and a further resentencing hearing was scheduled for August 21, 2023.

At the resentencing hearing on August 21, 2023, the trial court declined to strike the five-year enhancement, declined to grant a motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and declined to convert defendant's indeterminate term to a determinate term. The Court accordingly resentenced defendant to an aggregate indeterminate term of nine years plus 14 years to life.

On September 13, 2023, defendant filed a timely notice of appeal as to the court's ruling on defendant's section 1172.75 motion for resentencing.

## DISCUSSION

Defendant argues that the trial court "erred by failing to give any consideration, much less the 'great weight' required by [section 1385, subdivision (c)(2)], to the

assertions that the current offense was connected to mental illness and childhood trauma."
Additionally, defendant claims that the court "failed to take into account that unless the five-year enhancement under section 667, subdivision (a) was removed, the resulting sentence was more than 20 years. [Citation.] When that is the case, dismissal is mandatory, given . . . the words of the statute: 'In this instance, the enhancement shall be dismissed.' " Defendant's arguments are meritless.

A.      SECTION 1385, SUBDIVISION (c)(2)

"Section 1385(c)(2) provides that in determining whether to dismiss an enhancement 'under this subdivision,' the court must consider nine listed mitigating circumstances if proven by the defendant [citation], 'unless the court finds that dismissal of the enhancement would endanger public safety' [citation]. That provision means that if the court finds that dismissal of an enhancement 'would endanger public safety,' then the court need not consider the listed mitigating circumstances." (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 296, fn. omitted (*Mendoza*).)

Here, the court found that dismissal of the enhancement would endanger public safety. Defendant's claim that the court did not afford "great weight" is therefore moot, and somewhat perplexing, particularly in light of defendant's own citation to *People v. Mazur* (2023) 97 Cal.App.5th 438, 445, which states, "if the court finds that dismissal *would* endanger public safety, then it need *not* give great weight to the presence of any mitigating circumstance." The trial court here stated, "The Court is aware of the Court's discretion pursuant to 1385 in a multitude of different ways. The Court is aware that it is not supposed to impose more than one enhancement. The Court is aware that it is

4

supposed to consider the great weight of all the enhancements and whether they would result in a prison term of greater than 20 years. But all of the discretion granted to the Court pursuant to 1385 is tempered by the Court finding that release of the defendant would not be a danger to the public. [¶] I find that release even at this date, even given the rehabilitative efforts the defendant has taken, would be a danger to society. And for that reason, while the Court is aware of it's [*sic*] discretion to strike one or more of the enhancements, the Court finds that to do so would be to endanger the public."

      B.      SECTION 1385, SUBDIVISION (c)(2)(C)

Defendant also argues that section 1385, subdivision (c)(2)(C), mandates the dismissal of the five-year enhancement because failure to remove the enhancement results in a sentence of more than 20 years. Defendant is mistaken.

The question of section 1385's operation was recently addressed in *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1284. There, as here, "[Defendant] does not challenge the trial court's determination that dismissal of the enhancement would endanger public safety. Instead, he argues that section 1385, as recently amended, requires dismissal of multiple enhancements and enhancements that may result in sentences exceeding 20 years without regard to public safety. Although some language in section 1385 appears to support this interpretation, other language contradicts it, and to date every Court of Appeal decision to consider this issue has disagreed with [defendant]'s proposed resolution of this conflict. Reviewing this question of statutory interpretation de novo [citation], we reach the same conclusion as the other appellate courts deciding this issue." (*Ibid*, fn. omitted.) Similarly in *Mendoza*, *supra*, 88

Cal.App.5th at p. 297, this court "reject[ed] [the defendant]'s interpretation of section 1385(c)(2)(C) as requiring a court to dismiss every enhancement resulting in a sentence of greater than 20 years regardless of whether dismissal would endanger public safety."

Though this appeal contemplates a different enhancement, we see no reason to deviate from our conclusion in *Mendoza*: "We accordingly conclude that the trial court did not err by determining that section 1385(c)(2)(C) did not require it to dismiss the . . . enhancement . . . given the court's finding that dismissal of the enhancement would endanger public safety." (*Mendoza*, *supra*, 88 Cal.App.5th 287 at p. 297, fn. omitted.)

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                                                Acting P. J.


We concur:


FIELDS
                        J.


MENETREZ
                        J.

6